**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**CHRISTOPHER LOTHES,**

     **Plaintiff,**

**v.**                             **Civil Action No. 2:23-CV-10**
                                    **(JUDGE KLEEH)**

**CITY OF ELKINS,
ELKINS POLICE DEPARTMENT
and CHRITOPHER BOATWRIGHT,**

     **Defendants.**

**REPORT AND RECOMMENDATION, RECOMMENDING
THAT DEFENDANTS' MOTION TO DISMISS [ECF NO. 5] BE GRANTED**

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 3], entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on June 5, 2023. By the Referral Order, Judge Kleeh directed that the undersigned enter orders or reports and recommendations, as appropriate, and dispense with other matters which may arise herein.

Pending before the Court is a motion to dismiss [ECF No. 5] and memorandum in support, thereof [ECF No. 6] filed by Defendants Christopher Boatright ("Boatright"), City of Elkins ("the City"), and Elkins Police Department ("the Police Department") on June 9, 2023. On June 12, 2023, the Court issued a Roseboro Notice [ECF No. 7] concerning Defendants' motion, which Plaintiff received [ECF No. 8] on June 14, 2023. By this Roseboro Notice, the Court notified Plaintiff of the pending motion to dismiss and ordered Plaintiff to file any opposition to Defendants' motion within 21 days of the date of the Roseboro Notice. To date, Plaintiff has filed nothing in response.

Having reviewed Defendants' motion and memorandum in support, and having conducted a thorough review of the record and the applicable law, the undersigned respectfully

**RECOMMENDS** that Defendants' motion to dismiss [ECF No. 5] be **GRANTED** and that *pro se* Plaintiff's Complaint [ECF No. 1-2] be **DISMISSED without prejudice** as more fully set forth below.

## I. PLAINTIFF'S ALLEGATIONS, AND
## FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2023, *pro se* Plaintiff filed his Complaint [ECF No. 1-2] in the Circuit Court of Randolph County, West Virginia. Defendants removed the matter [ECF No. 1] to the Northern District of West Virginia on June 2, 2023.

Plaintiff alleges a series of events involving Defendants which occurred on or about November 21, 2020. [ECF No. 1-2, at 5-6]. Specifically, Plaintiff alleges that Boatwright was an officer with the Police Department. Id. In sum, Plaintiff alleges that Boatwright forced his way into Plaintiff's home in the evening of the date in question, by shooting the front door of Plaintiff's home and then kicking the door in. Id. Plaintiff alleges that Boatwright had no warrant to so act. Id. Plaintiff also alleges that Boatright restrained him while searching Plaintiff's home. Id. Plaintiff alleges certain deleterious mental and emotional effects as a result. Id., at 7. Plaintiff seeks compensatory and punitive damages, as well as fees and costs. Id., at 8.

## II. LEGAL ISSUES AND ANALYSIS

Despite Plaintiff's receipt [ECF No. 8] of the Roseboro Notice [ECF No. 7] regarding Defendants' motion to dismiss [ECF No. 5], Plaintiff has not responded to Defendants' motion.[1] The undersigned nonetheless addresses necessary legal issues in turn.

---

[1] While the undersigned largely recommends action in accord with Defendants' arguments, in the absence of argument provided by Plaintiff, the undersigned does not intend for the recommendations herein to have precedential value, should similarly-situated parties in other matters provide more information and argument on the issues.

## A. Legal Standards

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct *pro se* plaintiffs' legal arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive a motion to dismiss, the rules which govern civil actions require that Plaintiff here set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## B. Plaintiff's Claims Untimely Brought

Plaintiff's claims sound in 42 U.S.C. § 1983. Broadly speaking, § 1983 actions provide an avenue for litigants to bring civil claims against state and local government employees who allegedly perpetuated civil rights violations while acting "under color of state law." Defendants here argue, correctly, that Plaintiff <u>untimely</u> filed the Complaint such that it is barred by the statute of limitations applicable to claims under 42 U.S.C. § 1983. Plaintiff alleges wrongful acts

committed on or about November 21, 2020, yet he did not file the Complaint until February 7, 2023, after the two-year statute of limitations had run.

As for how the statute of limitations for § 1983 actions operates, 42 U.S.C. § 1983 does not itself specify a statute of limitations for claims brought pursuant to that law. Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014). Rather, such claims are governed by "the most analogous state-law cause of action," which is that for a personal injury claim. Id. Because the alleged acts occurred in West Virginia, the Court must look to West Virginia law. State law provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" W. Va. Code § 55-2-12(b) (emphasis added). A personal injury claim is such a claim for which no statute of limitations is specifically set forth in West Virginia. Thus, it is governed by this "residual" statute of limitations – that is, the statute of limitations for causes of action for which no statute of limitations is otherwise specified. A straightforward review of the record shows that Plaintiff filed the Complaint after the two-year statute of limitations.

Relatedly, the date of accrual of the cause of action appears to be the date of Plaintiff's encounter with Boatright here, when the alleged search and seizure occurred. Although state law determines the applicable statute of limitations, federal law dictates the time of accrual for civil rights causes of action. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "[T]he time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id. In the instant matter, Plaintiff straightforwardly alleges that the events giving rise to his claim occurred on or about November 21, 2020. Plaintiff states that he was present for and observed events on that date. There is no impediment to his having knowledge of alleged events at the time.

Simply put, Plaintiff offers nothing to show that the statute of limitations is tolled in these circumstances.

In sum, Plaintiff's claims here are governed by a two-year statute of limitations and he would have had to comply with the same by filing the Complaint within two years of the date of events complained of, that being November 20, 2020. However, Plaintiff did not file the Complaint until February 7, 2023, past the applicable two-year statute of limitations. Thus, the undersigned concludes that Plaintiff's claim against all party-defendants is barred by the applicable two-year statute of limitations, and that the Complaint should be dismissed.

### C. Plaintiff Does Not Assert Valid Claim
### Against Elkins Police Department or City of Elkins

Plaintiff lacks actionable claims against either the Police Department or the City, so claims against these party-defendants should be dismissed.

### *1. Elkins Police Department*

As to the Police Department, it is not clear what claim Plaintiff would lodge against it. The only context in which Plaintiff mentions the Police Department is that he alleges Boatwright was an officer with that department. But otherwise, he makes no specific allegations as to acts or omissions of the Police Department.

Under longstanding caselaw, it is possible to state a civil rights claim against a local governmental entity. However, such an entity may not be liable for the sole reason that it employs a tortfeasor. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). Rather, a claimant must allege how the entity, as an employer, caused the employee to inflict injury (i.e. violate constitutional rights) in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . .". Id. at 694. In the instant matter, Plaintiff makes no allegation whatsoever about an employee acting

5

contrary to constitutional rights by operation of a governmental policy or custom. Thus, Plaintiff fails to show that the Police Department is a proper party.

Aside from the <u>Monell</u> analysis, as Defendants note, the Police Department is an instrumentality or agency of the City, incapable of being sued as a standalone entity. Under West Virginia Code, municipalities such as the City have plenary authority to establish their own police departments. More specifically, "[t]he police force or department in each municipality shall be subject to the authority, control and discipline of the administrative authority." W. Va. Code § 8-14-1. As such, the Police Department is not an entity which can be sued, given how it is established as an "arm" of the municipality. <u>Polk v. Town of Sophia</u>, No. 5:13-CV-14224, 2013 WL 6195727, at *4 (S.D.W. Va. Nov. 27, 2013).

Accordingly, Plaintiff's inclusion of the Police Department as a party-defendant herein is improper, and it should be dismissed from this action.

### 2. City of Elkins

As for the City, Plaintiff makes no allegations whatsoever about its ties to the events of which he complains. He alleges nothing as to acts or omissions by the City. Thus, the specific wrongs alleged to have been perpetrated by the City are entirely unclear.

First, the <u>Monell</u> analysis set forth above as to the Police Department also is applicable to the City. Plaintiff makes no showing about how the City bears liability by dint of an employee carrying out a policy or custom that violates Plaintiff's constitutional rights. Thus, as to the City, the Complaint fails on that basis.

But secondly, the Complaint fails more generally, given the lack of any allegations whatsoever concerning the City. Certainly, Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with

sufficient detail that a defendant has fair notice of the basis of a plaintiff's claim. <u>Twombly</u>, 550

U.S. at 555. More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

<u>Nanni v. Aberdeen Marketplace, Inc.</u>, 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and

quotations omitted). Put another way, the Complaint must contain enough factual allegations to

establish plausible claims, allowing the Court to reasonably infer that each named Defendant bears

liability.

While Rule 8(a) sets forth a rather permissive pleading standard, Plaintiff cannot lodge

broad allegations and conclusions alone. Rather, Plaintiff must state how the City engaged in

specific act(s), and how it supports any theory of liability propounded. However, Plaintiff has not

done so. There are no allegations whatsoever in the Complaint about the City. Thus, it should be

dismissed from this action on that basis.

### III. RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that

Defendants' motion to dismiss [ECF No. 5] be **GRANTED** and Plaintiff's Complaint [ECF No.

1-2] be **DISMISSED WITHOUT PREJUDICE**.

Any party may within **fourteen (14) days** after being served with a copy of this Report and

Recommendation file with the Clerk of the Court **specific written objections identifying the**

**portions of the Report and Recommendation to which objection is made, and the basis for**

**such objection.**  A copy of such objections should also be submitted to the presiding United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to all parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted July 11, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE