IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CHRISTOPHER LOTHES,**

    Plaintiff,

v.                                                         Civil Action No. 2:23-CV-10
                                                                (JUDGE KLEEH)

**CITY OF ELKINS,**
**ELKINS POLICE DEPARTMENT**
**and CHRITOPHER BOATWRIGHT,**

    Defendants.

### REPORT AND RECOMMENDATION, RECOMMENDING THAT DEFENDANTS' MOTION TO STRIKE [ECF NO. 13] AMENDED COMPLAINT BE GRANTED IN PART AND DENIED IN PART

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 3], entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on June 5, 2023. By the Referral Order, Judge Kleeh directed that the undersigned enter orders or reports and recommendations, as appropriate, and dispense with other matters which may arise herein.

Pending before the Court is a motion to strike [ECF No. 13] Plaintiff's Amended Complaint [ECF No. 12]. The motion to strike was filed by filed by Defendants Christopher Boatright ("Boatright"), City of Elkins ("the City"), and Elkins Police Department ("the Police Department") on October 23, 2023. On October 24, 2023, the Court issued a Roseboro Notice [ECF No. 14] concerning Defendants' motion, which Plaintiff received [ECF No. 15] on October 30, 2023. The Court also is in receipt of Plaintiff's response [ECF No. 16] in opposition to the motion to strike, filed on November 15, 2023, as well as Defendants' reply [ECF No. 17] in support of their motion, filed on November 22, 2023.

1

Having reviewed Defendants' motion, and having conducted a thorough review of the record and the applicable law, the undersigned respectfully **RECOMMENDS** that Defendants' motion to strike [ECF No. 13] be **GRANTED in part and DENIED in part**[1] and that *pro se* Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED without prejudice** as more fully set forth below.

## I. PLAINTIFF'S ALLEGATIONS, AND FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2023, *pro se* Plaintiff filed his Complaint [ECF No. 1-2] in the Circuit Court of Randolph County, West Virginia. Defendants removed the matter [ECF No. 1] to the Northern District of West Virginia on June 2, 2023.

The undersigned entered a prior Report and Recommendation [ECF No. 9][2], recommending that Defendants' motion to dismiss [ECF No. 5] the original Complaint [ECF No. 1-2] be granted. While that prior Report and Recommendation has been pending, Plaintiff filed the Amended Complaint, which Defendant seeks to strike.

In the original Complaint, Plaintiff alleges a series of events involving Defendants which occurred on or about November 21, 2020. [ECF No. 1-2, at 5-6]. Specifically, Plaintiff alleges that Boatwright was an officer with the Police Department. Id. Essentially, Plaintiff alleges that Boatwright forced his way into Plaintiff's home in the evening of the date in question, by shooting the front door of Plaintiff's home and then kicking the door in. Id. Plaintiff alleges that Boatwright had no warrant to so act. Id. Plaintiff also alleges that Boatright restrained him while searching

---

[1] The undersigned recommends that the matter be dismissed <u>without</u> prejudice, although Defendants request dismissal <u>with</u> prejudice. Thus, the undersigned recommends that Defendants' motion be granted <u>in part</u> insofar as it seeks dismissal of the Amended Complaint <u>with</u> prejudice.
[2] The analysis, narrative, and citations to authority contained herein are, in some instances, duplicative of those in the first Report and Recommendation, insofar as certain issues presented by the Amended Complaint are duplicative.

2

Plaintiff's home. Id. Plaintiff alleges certain deleterious mental and emotional effects as a result. Id., at 7. Plaintiff seeks compensatory and punitive damages, as well as fees and costs. Id., at 8.

In the first Report and Recommendation, the undersigned recommended that Plaintiff's claims be dismissed without prejudice, for (1) filing after the applicable statute of limitations had run (as to all party-defendants), and (2) failure to state a claim against either the Police Department or the City.

In that first Report and Recommendation, entered on July 11, 2023 [ECF No. 9] and received by Plaintiff on July 18, 2023 [ECF No. 10], it is clearly set forth that objections to the Report and Recommendation were due within 14 days of receipt of it. [ECF No. 9, at 8-9]. Instead of filing objections, though, Plaintiff filed an Amended Complaint – and did so nearly three months after receipt of the first Report and Recommendation. In filing the Amended Complaint, Plaintiff did not explain the lack of objection to the Report and Recommendation and, in so filing it, did not obtain consent from Defendants or the Court's permission to do so.

As for the substance of the Amended Complaint in relation to the original Complaint, Plaintiff still alleges events that occurred on or about November 21, 2020, and the factual allegations otherwise are practically identical. In the Amended Complaint, as to the City, Plaintiff adds a single sentence alleging that the City "showed deliberate indifference by allowing Officer Boatwright to remain employed with the police force after multiple complaints of excessive force and inappropriate behavior had been reported[.]" [ECF No. 12, at 4]. The Amended Complaint contains no factual allegations or argument as to the Police Department.

## II. LEGAL ISSUES AND ANALYSIS

The Amended Complaint, in substance, does not salvage the deficiencies identified in the first Report and Recommendation. Moreover, Plaintiff did not properly seek to bring an Amended Complaint, and even if he had, the Amended Complaint is futile.

### A. Legal Standards

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct *pro se* plaintiffs' legal arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive a motion to dismiss, the rules which govern civil actions require that Plaintiff here set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Plaintiff's Claims Untimely Brought

Plaintiff's claims sound in 42 U.S.C. § 1983. Broadly speaking, § 1983 actions provide an avenue for litigants to bring civil claims against state and local government employees who

4

allegedly perpetuated civil rights violations while acting "under color of state law." Defendants here argue, correctly, that Plaintiff <u>untimely</u> filed the Complaint (to which the Amended Complaint relates back) such that it is barred by the statute of limitations applicable to claims under 42 U.S.C. § 1983. Plaintiff alleges wrongful acts committed on or about November 21, 2020, yet he did not file the Complaint until May 1, 2023, after the two-year statute of limitations had run.

As for how the statute of limitations for § 1983 actions operates, 42 U.S.C. § 1983 does not itself specify a statute of limitations for claims brought pursuant to that law. <u>Owens v. Baltimore City State's Att'ys Off.</u>, 767 F.3d 379, 388 (4th Cir. 2014). Rather, such claims are governed by "the most analogous state-law cause of action," which is that for a personal injury claim. <u>Id</u>. Because the alleged acts occurred in West Virginia, the Court must look to West Virginia law. State law provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought . . . within <u>two years</u> next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" W. Va. Code § 55-2-12(b) (emphasis added). A personal injury claim is such a claim for which no statute of limitations is specifically set forth in West Virginia. Thus, it is governed by this "residual" statute of limitations – that is, the statute of limitations for causes of action for which no statute of limitations is otherwise specified. A straightforward review of the record shows that Plaintiff filed the Complaint after the two-year statute of limitations.

Relatedly, the date of accrual of the cause of action appears to be the date of Plaintiff's encounter with Boatright here, when the alleged search and seizure occurred. Although state law determines the applicable statute of limitations, federal law dictates the time of accrual for civil rights causes of action. <u>Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975). "[T]he time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Id</u>. In

5

the instant matter, Plaintiff straightforwardly alleges that the events giving rise to his claim occurred on or about November 21, 2020. Plaintiff states that he was present for and observed events on that date. There is no impediment to his having knowledge of alleged events at the time. Simply put, Plaintiff offers nothing to show that the statute of limitations is tolled in these circumstances.

In sum, Plaintiff's claims here are governed by a two-year statute of limitations and he would have had to comply with the same by filing the Complaint within two years of the date of events complained of, that being November 20, 2020. However, Plaintiff did not file the Complaint until May 1, 2023, past the applicable two-year statute of limitations. Thus, the undersigned concludes that Plaintiff's claim against all party-defendants is barred by the applicable two-year statute of limitations, and that the Amended Complaint should be stricken.

### C. Plaintiff Does Not Assert Valid Claim Against the Police Department or the City

Plaintiff lacks actionable claims against either the Police Department or the City, so claims against these party-defendants should be dismissed.

### 1. The Police Department

As to the Police Department, it is not clear what claim Plaintiff would lodge against it. The only context in which Plaintiff mentions the Police Department is that he alleges Boatwright was an officer with that department. But otherwise, he makes no specific allegations as to acts or omissions of the Police Department.

Under longstanding caselaw, it is possible to state a civil rights claim against a local governmental entity. However, such an entity may not be liable for the sole reason that it employs a tortfeasor. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). Rather, a claimant must allege how the entity, as an employer, caused the employee to inflict injury (i.e.

6

violate constitutional rights) in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . .". Id. at 694. In the instant matter, Plaintiff makes no allegation whatsoever about an employee acting contrary to constitutional rights by operation of a governmental policy or custom. Thus, Plaintiff fails to show that the Police Department is a proper party.

Aside from the Monell analysis, as Defendants note, the Police Department is an instrumentality or agency of the City, incapable of being sued as a standalone entity. Under West Virginia Code, municipalities such as the City have plenary authority to establish their own police departments. More specifically, "[t]he police force or department in each municipality shall be subject to the authority, control and discipline of the administrative authority." W. Va. Code § 8-14-1. As such, the Police Department is not an entity which can be sued, given how it is established as an "arm" of the municipality. Polk v. Town of Sophia, No. 5:13-CV-14224, 2013 WL 6195727, at *4 (S.D.W. Va. Nov. 27, 2013).

Accordingly, Plaintiff's inclusion of the Police Department as a party-defendant herein is improper, and the Amended Complaint should be stricken with respect to the Police Department.

## 2. The City

As for the City, Plaintiff includes a single line in the Amended Complaint – he alleges that the City "showed deliberate indifference by allowing Officer Boatwright to remain employed with the police force after multiple complaints of excessive force and inappropriate behavior had been reported[.]" [ECF No. 12, at 4]. However, specific alleged facts or theories of relief beyond this sweeping allegation are not included.

First, the Monell analysis set forth above as to the Police Department also is applicable to the City. Plaintiff makes no showing about how the City bears liability by dint of an employee

7

carrying out a policy or custom that violates Plaintiff's constitutional rights. Thus, as to the City, the Amended Complaint fails on that basis.

But secondly, the Amended Complaint fails more generally, given the scarcity of allegations concerning the City. Certainly, Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail that a defendant has fair notice of the basis of a plaintiff's claim. Twombly, 550 U.S. at 555. More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Put another way, the Amended Complaint must contain enough factual allegations to establish plausible claims, allowing the Court to reasonably infer that each named Defendant bears liability.

While Rule 8(a) sets forth a rather permissive pleading standard, Plaintiff cannot lodge broad allegations and conclusions alone. Rather, Plaintiff must state how the City engaged in specific act(s), and how it supports any theory of liability propounded. However, Plaintiff has not done so. Thus, the Amended Complaint should be stricken with respect to the City.

### D. Plaintiff's Amended Complaint is not timely, and is futile in any event.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party-plaintiff may amend the complaint, unilaterally, if done so within 21 days after service of the complaint (or if a responsive

8

pleading is required, within 21 days after service of such responsive pleading or applicable motion). Fed. R. Civ. P. 15(a)(1). Otherwise, a party-plaintiff may amend the complaint "only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As to the latter, the rules instruct that "The court should freely give leave when justice so requires." Id.

Clearly, a plain review of the record shows that Plaintiff did not timely amend the Complaint under Rule 15(a)(1). And the record also plainly shows that Plaintiff got neither the opposing party's nor the Court's assent to amend under Rule 15(a)(2). Thus, the Amended Complaint should be stricken. The undersigned recognizes that Plaintiff is *pro se* and thus is held to less stringent standards of pleading. However, Plaintiff has been dilatory in engaging in a timely fashion, having lagged for months-long periods after Defendants' motion to dismiss [ECF No. 5] and the first Report and Recommendation were lodged. Only after Defendants filed the motion to strike did Plaintiff suggest that the Amended Complaint should be treated as a response to the motion to dismiss [ECF No. 5] and objection to the first Report and Recommendation. However, despite multiple opportunities to engage timely (and prompts to do so), Plaintiff flatly did not.

What is more, the Amended Complaint does nothing to salvage Plaintiff's claims. To allow the case to proceed on the Amended Complaint would be, as Defendants correctly argue, futile. As set forth in the analysis above, the claims as framed in the Amended Complaint should be dismissed. Such futility, according to the Fourth Circuit, is a basis for a court to refuse leave to amend under Rule 15(a)(2). Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). Thus, not only is the Amended Complaint untimely, but perhaps more importantly, it is futile, and should be stricken.

## III. RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendants' motion to strike [ECF No. 13] be **GRANTED in part and DENIED in part** (denied insofar as it seeks dismissal with prejudice) and Plaintiff's Amended Complaint [ECF No. 12] be stricken and **DISMISSED WITHOUT PREJUDICE**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to all parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **RECOMMENDED.**

Respectfully submitted on December 12, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE