```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHRISTOPHER LOTHES,**

      **Plaintiff,**

   v.                                           CIVIL NO. 2:23-CV-10
                                                        (KLEEH)
**CITY OF ELKINS,**
**ELKINS POLICE DEPARTMENT, and**
**CHRISTOPHER BOATWRIGHT,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO
STRIKE [ECF NO. 13] AND MOTION TO DISMISS [ECF NO. 5]**

Pending before the Court are a motion to dismiss, a motion to strike, and a report and recommendation ("R&R") on each. After reviewing the docket, in order to streamline its analysis and provide clarity, the Court hereby **REJECTS** both R&Rs and rules directly on the motions as set forth below.

## I.  BACKGROUND

The pro se Plaintiff, Christopher Lothes ("Plaintiff"), originally filed this action in the Circuit Court of Randolph County, West Virginia, on May 1, 2023 [ECF No. 1-2]. It was removed to the Northern District of West Virginia on June 2, 2023 [ECF No. 1]. On June 5, 2023, the Court referred the case to the Magistrate Judge for review [ECF No. 3]. The Defendants, the City of Elkins, the Elkins Police Department, and Christopher Boatwright, filed a motion to dismiss on June 9, 2023 [ECF No. 5].

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE [ECF NO. 13] AND MOTION TO DISMISS [ECF NO. 5]**

Plaintiff did not file a response. On July 11, 2023, the Magistrate Judge entered a R&R recommending that the motion to dismiss be granted [ECF No. 9]. Defendants objected to the R&R, noting a typographical error and asking that the Court dismiss the action with prejudice, as opposed to without prejudice [ECF No. 11].

On October 16, 2023, without seeking leave of Court and without Defendants' consent, Plaintiff filed an amended complaint [ECF No. 12]. Defendants moved to strike the amended complaint [ECF No. 13]. Plaintiff then objected to the motion to strike [ECF No. 16], and Defendants filed a reply [ECF No. 17]. The Magistrate Judge entered another R&R, recommending that the motion to strike be granted and again finding the case should be dismissed [ECF No. 18]. Plaintiff submitted another filing pertaining to the motion to strike [ECF No. 19] and then filed a response to the second R&R [ECF No. 21].

## II. ALLEGATIONS IN THE ORIGINAL COMPLAINT

The following allegations are taken from Plaintiff's original complaint.[1] For purposes of analyzing the motion to dismiss, the Court assumes that they are true.

---

[1] The original complaint is only three pages in length, and the paragraphs are not numbered.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE [ECF NO. 13] AND MOTION TO DISMISS [ECF NO. 5]**

On or around November 21, 2020, Plaintiff was at his residence in Elkins, West Virginia. Around 10:00 a.m., Officer Christopher Boatwright ("Boatwright") of the Elkins Police Department pounded on Plaintiff's front door. Boatwright did not announce his name, his department, or his reason for being at the residence. Plaintiff and his two female guests remained silent. Immediately after knocking on the front door, Boatwright fired his department-issued weapon at the front door of the residence. The bullet penetrated two doors and two walls and lodged in the drywall in Plaintiff's bedroom. The bullet passed within three feet of Plaintiff's head.

Boatwright then kicked open the front door and said, "Chase, it's Boatwright. Are there any weapons in the house?" Plaintiff laid on the floor with his arms out. Boatwright entered the bedroom and handcuffed Plaintiff, ordering him to remain on the floor. Boatwright proceeded to search the residence without a warrant or explanation. He removed Plaintiff's handcuffs and demanded that Plaintiff stay on the floor, face down, until he left. Boatwright searched the residence again. Boatwright then went to the front door and announced, "Okay, Chase, I am leaving," and he closed the door.

Plaintiff followed Boatwright outside and asked him what was going on and why he shot at the house. Boatwright responded, "I

didn't shoot at your house and if you don't want to be arrested you should go back inside." Plaintiff returned to his residence, fearing retribution and arrest. There he saw the various bullet holes. The next day, Boatwright approached Plaintiff and said, 'Hey, you good?" Plaintiff replied, "No, are you good? You shot my house." Boatwright responded, "I didn't shoot at your house, and I am willing to give you one free pass." Plaintiff then responded, "I don't need a free pass, you do. I have the bullet." Boatwright told Plaintiff that he could help make his felony go away.

### III. STANDARDS OF REVIEW

### Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides a district court with the authority to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike, however, is "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted). Material should be stricken when it "has no bearing on the subject matter of the litigation" and "its inclusion will prejudice the

defendants." Jackson v. United States, No. 3:14-CV-15086, 2015 WL 5174238, at *1 (S.D.W. Va. Sept. 2, 2015).

### IV. DISCUSSION

As discussed below, the Court grants the motion to strike the amended complaint and the motion to dismiss the original complaint.

**A.  Defendants' motion to strike the amended complaint is granted because Plaintiff did not show good cause for his failure to comply with Rule 15.**

Between the removal of the case and the filing of the amended complaint, 136 days passed. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff was required to obtain Defendants' consent or seek leave of the Court before amending. He did neither, and he has failed to show good cause. While it is true that the Court must hold a pro se pleading to a less stringent standard than those drafted by attorneys and must liberally construe a pro se complaint, these principles are not without limits. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Being incarcerated and proceeding pro se are not, in and of themselves, reasons to excuse missed deadlines or failure to comply with rules. Plaintiff has not set forth a basis for his failure to seek leave to file his amended complaint. Accordingly, Defendants' motion to strike is **GRANTED**, and the amended complaint is **STRICKEN**.

**B.   Defendants' motion to dismiss the original complaint is granted because the action is barred by the statute of limitations.**

While the complaint does not identify a specific cause of action, the Court assumes, as do Defendants, that Plaintiff has raised a claim pursuant to 42 U.S.C. § 1983 for violation of his right to be free from an unlawful search under the Fourth Amendment to the United States Constitution. The Complaint asserts that the alleged acts occurred on November 21, 2020. See Compl., ECF No. 1-2.

Although 42 U.S.C. § 1983 does not contain a specific statute of limitations, it is well-settled that such claims are governed by "the most analogous state-law cause of action," which is a personal injury claim. Owens v. Baltimore City State's Attorney's Office, 767 F.3 379, 388 (4th Cir. 2014). In West Virginia, the applicable statute of limitations for a personal injury claim is two years. See W. Va. Code § 55-2-12(b).

Although state law determines the applicable statute of limitations, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975) (citations omitted). Under federal law, a "§ 1983 claim based on an unconstitutional search and seizure of property accrue[s] at the time of the search." Smith v. Travelpiece, 31 F.4th 878, 887 (4th Cir. 2022) (stating that "[o]nce the wrongful

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE [ECF NO. 13] AND MOTION TO DISMISS [ECF NO. 5]**

entry occurred, plaintiff[] 'could have filed suit' with a 'complete and present cause of action'"). Plaintiff has not pled any facts or circumstances that would toll the statute of limitations or the accrual of his claim. Plaintiff's claim, therefore, accrued on November 21, 2020. The statute of limitations expired on November 21, 2022. Plaintiff did not file suit until May 1, 2023. Accordingly, this case is barred by the statute of limitations, and Defendants' motion to dismiss is **GRANTED**.[2] Because the Court finds that the action is barred by the statute of limitations, it does not reach Defendants' additional arguments for dismissal of the City of Elkins and the Elkins Police Department.

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- The R&Rs are **REJECTED** [ECF Nos. 9, 18];

- The motion to strike is **GRANTED** [ECF No. 13];

- The amended complaint is **STRICKEN** [ECF No. 12];

- The motion to dismiss is **GRANTED** [ECF No. 5]; and

---

[2] The Court would have dismissed the Amended Complaint for the same reason had it not been stricken.

8

- This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

The Clerk is directed to enter a separate judgment order. The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel of record by email and to the pro se Plaintiff via certified mail, return receipt requested.

DATED: March 27, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA